


Receipt # 061409

No. 04-1472L

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

D. MIKE & VANESSA COLLINS, )
GEORGE & JUDITH SUTHERLAND, )
HOWARD & PAM FREEDMAN, AND )
DONALD & JEAN BARRETT, )
      Plaintiffs, )
    )
v. )
    )
THE UNITED STATES OF AMERICA, )
    )
      Defendant. )

## COMPLAINT

### THE PARTIES

1. Plaintiffs D. Mike and Vanessa Collins are husband and wife, and they own land in the Town of Sammamish, King County, in Washington State. The Collinses claim an interest in real property which has been taken by the United States.

2. Plaintiffs George and Judith Sutherland are husband and wife, and they own land in the Town of Sammamish, King County, in Washington State. The Sutherlands claim an interest in real property which has been taken by the United States.

3. Plaintiffs Howard and Pam Freedman are husband and wife, and they own land in the Town of Sammamish, King County, in Washington State. The Freedmans

claim an interest in real property which has been taken by the United States.

4. Plaintiffs Donald and Jean Barrett are husband and wife, and they own land in the Town of Sammamish, King County, in Washington State. The Barretts claim an interest in real property which has been taken by the United States.

5. When mentioned collectively, the Collinses, Sutherlands, Freedmans, and Barretts will be referred to as "Plaintiffs" herein.

### JURISDICTION

6. This Court has jurisdiction in this action pursuant to 28 U.S.C., §1491(a)(1), in that this action presents a claim against the United States which is founded upon the Fifth Amendment to the Constitution of the United States.

### STATUTES FOR PAYMENT

7. For damages: Tucker Act, 28 U.S.C., §1491(a)(1) (2004).

8. For reimbursement of fees and expenses incurred: Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. § 4654(c) (2004).

### FACTS

9. The Collinses own land on Lake Sammamish in Sammamish, Washington. The land is located in Section 20, Township 25 North, Range 6 East in, King County. The Collinses bought the Sammamish land in 1991.

10. The Sutherlands own land on Lake Sammamish in Sammamish, Washington. The land is located in Section 20, Township 25 North, Range 6 East, in King County. The Sutherlands bought the Sammamish land in 1987.

11. The Freedmans own land on Lake Sammamish in Sammamish, Washington. The land is located in Section 20, Township 25 North, Range 6 East, in King County. The Freedmans bought the Sammamish land in 1988.

12. The Barretts own land on Lake Sammamish in Sammamish, Washington. The land is located in Section 20, Township 25 North, Range 6 East in, King County. The Barretts bought the Sammamish land in 1961.

13. At the time the Plaintiffs purchased their properties, the properties were burdened by a right of way easement for railroad purposes.

14. The railroad right of way was originally acquired by the railroad company on the Plaintiffs' properties in the 1880's by means of a private instrument from a grantor, Palmberg.

15. This railroad right of way eventually became the subject of a petition for exemption from abandonment to the Surface Transportation Board ("STB") by the operating railroad company.

16. On September 18, 1998, the STB served a "Decision and Notice of Interim Trail Use or Abandonment" ("NITU"), which set the stage for the conversion of the

former railroad right of way into recreational trail use pursuant to the National Trail System Act, 16 U.S.C. § 1427(d).

17. The United States has neither instituted any condemnation proceeding against the Plaintiffs nor has it offered to pay the Plaintiffs for the properties which it has taken.

## CLAIM FOR RELIEF

18. Plaintiffs incorporate by reference paragraphs 1-17 of this complaint.

19. The STB's NITU, issued pursuant to 16 U.S.C. § 1427(d), has resulted in the imposition of a recreational trail on the Plaintiffs' properties.

20. This conversion of the former railroad right of way into recreational trail use has deprived the Plaintiffs of their right to the use, possession, control, and enjoyment of their land that they otherwise would have had but for the NITU.

21. As such, this federal action has resulted in a taking of the Plaintiffs' properties for which they are entitled to just compensation under the Fifth Amendment to the United States Constitution.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs request a judgment in favor of the Plaintiffs for the following:

1. Damages in an amount to be awarded by the Court for the taking of the Plaintiffs'

properties,

2. Interest to be assessed on the award of damages, compounded from the date of taking until the judgment is paid,

3. Reimbursement of all reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, and

4. Such further relief as may be appropriate.

Respectfully submitted this 16th day of September, 2004.

**ACKERSON KAUFFMAN FEX, PC**

_____
Cecilia Fex
1666 K Street, NW, Suite 1010
Washington, DC 200006
Office:      202-833-8833
Facsimile:  202-833-8831

Attorney of Record for the Plaintiffs